# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM SMITH, CDCR #AE-7059, aka ALLEN CARSON WEATHERS, <br><br> Plaintiff, <br><br> vs. <br><br> U.S. CENTRAL DISTRICT OF LOS ANGELES; STATE OF CALIFORNIA; CDC MENTAL HEALTH OFFICERS; STATE OF CALIFORNIA JUSTICE DEPARTMENT; HONORABLE JUDGES; PATTON STATE HOSPITAL; and DISTRICT ATTORNEYS, <br><br> Defendants. | Civil No.   11-0035 DMS (CAB) <br><br> **ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF PROPER VENUE PURSUANT TO 28 U.S.C. § 1391(b) AND § 1406(a)** <br><br> [Doc. No. 2] |

Plaintiff, a state prisoner proceeding pro se, and currently incarcerated at California State Prison, Los Angeles County (CSP-LAC), in Lancaster, California, has submitted a civil rights Complaint pursuant to 42 U.S.C. § 1983.

While difficult to decipher, it appears Plaintiff seeks to challenge the validity of a 1994 Los Angeles County conviction, subsequent civil commitment proceedings in Los Angeles County Superior Court in 2004, and a separate San Bernardino County criminal conviction in "2008-2010" related to a murder at Patton State Hospital. *See* Compl. at 2-4. Plaintiff also claims to have been "stripped," "maced" and "beaten" by unidentified San Bernardino County

1 Sheriff's Department deputies on June 18, 2010, *id.* at 5, and denied medical treatment at CSP-
2 LAC after he was the victim of a battery on October 15-16, 2010. *Id.* at 2. Plaintiff seeks
3 injunctive relief preventing Defendants from "taking retaliation," charging restitution and
4 denying him medical "hygiene" and "medical marijuana." *Id.* at 7. Plaintiff further requests to
5 be released from custody, awarded $100 trillion in compensatory damages from Patton State
6 Hospital and $100 billion in punitive damages from the California Department of Corrections
7 and Rehabilitation. *Id.*

8 Plaintiff has not paid the $350 filing fee required by 28 U.S.C. § 1914(a) to commence
9 a civil action; instead he seeks leave to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C.
10 § 1915(a) [Doc. No. 2].

**I.**

**VENUE**

13 An initial review of this action reveals that Plaintiff's case lacks proper venue. Venue
14 may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading
15 and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).
16 "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except
17 as otherwise provided by law, be brought only in (1) a judicial district where any defendant
18 resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part
19 of the events or omissions giving rise to the claim occurred, or a substantial part of property that
20 is the subject of the action is situated, or (3) a judicial district in which any defendant may be
21 found, if there is no district in which the action may otherwise be brought." 28 U.S.C.
22 § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d
23 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue
24 in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such
25 case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

26 Here, Plaintiff alleges civil rights violations arising in both Los Angeles and San
27 Bernardino Counties–both of which are situated in the Central District of California. *See* 28
28 U.S.C. § 84(c)(1), (2). And while Plaintiff names the State of California, all "Honorable Judges

of the State Courts only" and "all involved CDC Mental Health Officers" as Defendants, no named individual is alleged to reside in San Diego or Imperial Counties and no claim is alleged to have arisen–or have any connection to–the Southern District of California. *See* 28 U.S.C. § 84(d) ("The Southern District [of California] comprises the counties of San Diego and Imperial.").

Thus, the proper venue for this action is the Central District of California, Eastern or Western Divisions, but *not* the Southern District of California.[1]  *See* 28 U.S.C. § 84(c)(1), (2); 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

## II.

### CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. No. 2] is **DENIED** this case is **DISMISSED** without prejudice for lack of proper venue pursuant to 28 U.S.C. §§ 1391(b) and 1406(a).

The Clerk shall close the file.

DATED: January 14, 2011

HON. DANA M. SABRAW
United States District Judge

---

[1] Plaintiff is cautioned, however, that should he elect to proceed by filing his Complaint and submitting a Motion to Proceed IFP in the Central District of California, his claims as currently pleaded are likely to be dismissed sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening procedure required by 28 U.S.C. § 1915A(b)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . his sole federal remedy is a writ of habeas corpus."); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (damages claims brought pursuant to 42 U.S.C. § 1983 which "necessarily imply" the invalidity of a conviction or sentence are not cognizable unless plaintiff alleges that conviction or sentence has already been invalidated on direct appeal or via habeas corpus); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (state judges are absolutely immune from damages actions based on "judicial acts taken within the jurisdiction of their courts."); *Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997) (state prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity); and *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (Eleventh Amendment bars suits against the State and its agencies).